UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-14535-KHT |
| WHITEWATER/EVERGREEN ) | |
| OPERATIONS, LLC, ) | Chapter 11 |
| EIN: 46-3745876 ) | |
| ) | |
| Debtor. ) | |
| ) | |
| SWD, LLC, ) | Case No. 18-14537-KHT |
| EIN: 35-2451611 ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| EFSWD 1, LLC, ) | Case No. 18-14542-KHT |
| EIN: 46-1237120 ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| PH GRINDERS, LLC, ) | Case No. 18-14696-MER |
| EIN: 46-3205276 ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| WHITEWATER/EVERGREEN ) | |
| OPERATIONS, LLC, ) | Adversary Proc. No. 18- |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HBC WHITEWATER, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548**

The Plaintiff, Whitewater/Evergreen Operations, LLC ("Plaintiff" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., hereby states its Complaint to Avoid a Preferential Transfer pursuant to 11 U.S.C. §§ 544, 548, and 550, and as grounds therefor states as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Sections 544, 548, and 550 of Title 11 of the United States Code ("Bankruptcy Code").

2. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§1331 and 1334(b) and (e) because this proceeding arises under the Bankruptcy Code and arises in and is related to the Chapter 11 cases filed by the Debtor.

3. This a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (H), and (0).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this Adversary Proceeding arises under and in connection with a case under the Bankruptcy Code which is pending in this District.

## THE PARTIES

5. Plaintiff is a Texas limited liability company with its principal place of business located at 25528 Genessee Trail Road, Golden, Colorado 80401.

6. HBC Whitewater, LLC ("Defendant" or "HBC") is a Texas limited liability company with its principal place of business at Reagan Place at Old Parkland, 3963 Maple Avenue, Suite 490, Dallas, Texas 75219.

## BACKGROUND

7. Plaintiff filed its Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on May 24, 2018 (the "Petition Date"). The Debtor remains a debtor-in-possession.

8. Plaintiff is engaged in business as the holder of a working interest in the Fowlerton Salt Water Disposal Well located in La Salle County, Texas, and was previously the holder of a 50% interest in the Fashing Salt Water Disposal Well located in Atacosa County, Texas ("Fashing Well").

9. On or about February 14, 2014, Plaintiff, together with SWD, LLC ("SWD"), EFSWD I, LLC ("EFSWD"), PH Grinders, LLC ("PH"), Six Pack Energy, LLC ("SPE"), SMG Holdings, LLC ("SMG" and collectively the "Sellers") and several additional entities entered into a Purchase and Sale Agreement ("PSA") with HBC.

10. Pursuant to the PSA, HBC acquired a 50% working interest in the Fashing, Fowlerton, and Cheapside Salt Water Disposal Wells (the "Wells") in exchange for the payment of

costs to drill and develop one of the wells.

11. The PSA contained provisions requiring an adjustment to the value of the Wells following the sale, and payment of a "true-up" amount based on the determination of the adjusted value of the wells to HBC.

12. In or around May 2016, HBC made a demand for arbitration under the PSA, asserting claims for breach of contract and alleging that the Sellers and other entities[1] failed to make the required true-up payment pursuant to the PSA.

13. Prior to the hearing in the arbitration, the Sellers stipulated that the total amount of the true-up payment would be $17,827,430.

14. On or about May 1, 2017, a panel of arbitrators conducted a hearing on the issues of joint versus several liability, and whether any party would be entitled to an award of attorney fees.

15. On or about June 30, 2017, the panel of arbitrators entered a judgment, assessing several liability against the Sellers and declining to award attorney fees to any party.

16. The arbitration award was confirmed and an Agreed Final Judgment was entered by the District Court for the 68th Judicial District of Dallas County, Texas on August 24, 2017.

17. Pursuant to the Agreed Final Judgment, Defendant has a judgment against Plaintiff in the amount of $9,724,000.

18. Following entry of the Agreed Final Judgment, HBC has continued to aggressively pursue litigation against the Sellers.

19. On or about May 1, 2018, Defendant levied against and conducted a Sheriff's Sale of Plaintiff's 50% working interest in the Fashing Well (the "Sale").

20. At the Sale, Defendant purchased Plaintiff's 50% working interest in the Fashing Well for a credit bid of $100,000.

21. Upon information and belief, Plaintiff's interest in the Fashing Well was worth approximately $4 million at the time of the Sale.

22. A Sheriff's Deed transferring Plaintiff's interest in the Fashing Well was recorded with the Office of Public Records on or about May 14, 2018, at Reception No. 187392.

23. Plaintiff was or became insolvent as a result of the sale.

---

[1] CESWD 1, LLC and CNR Operations, Inc. were also parties to the PSA and initially named as defendants in the arbitration. HBC dismissed its claims against CESWD 1, LLC and CNR Operations, Inc. prior to the arbitration hearing.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff has the rights and powers of a trustee acting under the Bankruptcy Code.

26. Plaintiff has the right and power to avoid any transfer of property of the debtor that is voidable by a judgment lien creditor, an execution creditor, or a bona fide purchaser of real property. 11 U.S.C. § 544(a).

27. The Sale was a transfer of Plaintiff's 50% interest in the Fashing Well.

28. The Sale occurred within two (2) years prior to the Petition Date.

29. Plaintiff received less than reasonably equivalent value in exchange for the Sale.

30. Plaintiff was or became insolvent as a result of the Sale.

31. Because Sale was a transfer of Plaintiff's interest in property, Plaintiff received less than reasonably equivalent value, and Plaintiff was or became insolvent as a result of the Sale, the Sale is an avoidable transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

WHEREFORE Plaintiff prays as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff is entitled to avoid the Sale pursuant to 11 U.S.C. § 548(a)(1)(B).

34. Defendant is the initial transferee of the Sale

35. Pursuant to 11 U.S.C. § 550(a), the Debtor is entitled to recover the interest in the Fashing Well from Defendant.

WHEREFORE Plaintiff prays as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court make and enter judgment in favor of the Plaintiff and against the Defendants:

a) Avoiding the Sheriff's Sale of Plaintiff's 50% interest in the Fashing Well;

b) Entering judgment in favor of Plaintiff and against Defendant in an amount to be proven at trial;

c) Awarding the Plaintiff attorney fees and costs; and

d) Granting such further and additional relief as to the Court may appear just and proper.

DATED: July 6, 2018                                Respectfully submitted,

By: __/s/ Keri L. Riley_____
 Lee M. Kutner, #10966
 Keri L. Riley, #47605
 **KUTNER BRINEN, P.C.**
 1660 Lincoln Street, Suite 1850
 Denver, CO 80264
 Telephone: (303) 832-2400
 Facsimile: (303) 832-1510
 Email:  klr@kutnerlaw.com